UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Eric Davis                                                       CIVIL ACTION

versus                                                           No. 11-0802

Target Corporation of Minnesota, and
Ace American Insurance Company                                   Section B(5)

## ORDER AND REASONS

Before the Court are Defendants', Target Corporation of Minnesota and Ace American Insurance Company (hereinafter "Target"), Motion for Summary Judgment. (Rec. Doc. No. 26 & 26-2). In response, Plaintiff Eric Davis ("Davis") submitted a Memorandum in Opposition to the Motion for Summary Judgment. (Rec. Doc. No. 29). Defendant Target followed this with a Reply Memorandum in Support of its Motion for Summary Judgment. (Rec. Doc. No. 31-2). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**.

## PROCEDURAL AND FACTUAL HISTORY

On January 3, 2010, Plaintiff Eric Davis and his wife went to Target to develop film. (Rec. Doc. No. 26-2 at 2). According to in-store video, at 1:47:18 p.m. a child spilled a drink onto the floor. (Defs.' Video at 1:47:18 p.m.). Plaintiff stepped into the spill at 1:47:43 p.m. (Defs.' Video at 1:47:43 p.m.). Plaintiff's fall consisted of his left heel coming down into the puddle and sliding forward. (Defs.' Video). Plaintiff did not

fall to the ground or otherwise stumble.  *Id.*  In this span of time, the video does not show any Target employee noticing the spill or in a position where an employee should have noticed the spill, nor does it evidence any nearby customer getting the attention of a Target employee in that timeframe.[1]  *Id.*

On or near October 12, 2010, Plaintiff filed a complaint alleging Target's liability in violation of LA. REV. STAT. ANN. § 9:2800.6, resulting in severe and debilitating injuries sustained during the slip and fall accident.

## CONTENTIONS OF THE PETITIONER

Defendant Target contends that Plaintiff's complaint fails as a matter of law on the "notice requirement" under LA. REV. STAT. ANN. § 9:2800.6.  Target argues that no genuine issue of disputed, material fact exists for this *prima facie* element, as the incident occurred twenty-five seconds after the spill, and no other disputed, material fact exists as to any notice, constructive or actual, received by Target employees.

## CONTENTIONS OF THE RESPONDENT

Davis contends that Target had actual notice due to the presence of at least three Target employees in the immediate vicinity.

---

[1] Plaintiff does assert that a certain employee, appearing on the video, might have witnessed the spill. (Rec. Doc. No. 29 at 2). However, this amounts to little more than a bare assertion, as will be addressed later in the analysis.

In the alternative, Davis contends that due to the proximity of the employees, a genuine issue of material fact exists as to Target's alleged constructive notice.

## LAW

**I. Standard of Review**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). The moving party has the burden of showing there is no genuine issue of material fact, but may discharge this burden by showing the absence of evidence necessary to support an essential element of the nonmoving party's case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). To oppose a motion for summary judgment, "the

3

non-movant cannot rest on mere allegations or denials but must set forth specific facts showing that there is a general issue of material fact," *Celotex Corp.,* at 321-22. In other words, the nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Webb,* 139 F.3d at 536. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**II. Notice Under LA. REV. STAT. ANN. § 9:2800.6**

This claim arises under Louisiana's Merchant Liability Statute, which provides, in pertinent part:

> B. In a negligence claim brought against a merchant . . . , the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>   (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> C. Definitions:
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

LA. REV. STAT. ANN. § 9:2800.6.

4

Failure to prove any enumerated element of this statue will prove fatal to a plaintiff's action. *Rowell v. Hollywood Casino Shreveport*, 996 So. 2d 476, 478 (La. App. 2d Cir. 2008)(citations omitted).

As mentioned above, the current contentions revolve around the element of notice. Plaintiff does not allege that the merchant created this condition. (Rec. Doc. No. 29). As such, Plaintiff must show that the merchant, via the store's employees, had either actual notice or constructive notice of the spill. LA. REV. STAT. ANN. § 9:2800.6.

## ANALYSIS

The Plaintiff cannot make a showing of a genuine, disputed material fact as to the existence of either actual notice or constructive notice. As such, summary judgment in favor of Defendants is appropriate.

### I. Actual Notice

Actual notice, as is apparent by its name, requires some actual witnessing of the condition/event, or at least an actual knowledge of a routine and expected dangerous condition at a certain location. *See Ward v. ITT Specialty Risk Services, Inc.*, 739 So. 2d 251, 254 (La. App. 2d Cir. 1999); *Barton v. Wal-Mart Stores, Inc.*, 704 So. 2d 361 (La. App. 3d Cir. 1997).

No testimony or other admission exists relating to an employee's witnessing of the spill prior to the accident.

5

Plaintiff instead asserts two different grounds to show actual notice. (Rec. Doc. No. 29 at 2).

First, Plaintiff notes at 1:42:27 p.m. in the video "there appears to be a Target employee between aisles 22 and 24 walk to the end of the aisle, look in the direction of the spill, then proceed to grab a shopping cart and walk back in the opposite direction." *Id.* At one point after the spill, but before Plaintiff's slip, an employee rounds the corner of one checkout lane and maneuvers a shopping cart laden with merchandise out of the camera's view. (Defs.' Video). While this does put the employee in the same general corridor that contains the spill for 1-2 seconds, there is no evidence that the employee saw the spill or otherwise should have seen it. *See* (Rec. Doc. No. 29-2 at 32); (Defs.' Video). A claim to the contrary amounts to little more than a bare assertion. *See Bergeron v. Am. Nat. Prop. & Cas. Co.*, No. 07-9484, 2009 WL 1969247, at *3 (E.D. La. July 08, 2009) (citations omitted).

Second, in addition to the employee with the shopping cart, Plaintiff asserts that the presence of two other employees also between twenty to thirty feet away, likely with their backs turned to the spill and registers obstructing their view, satisfies actual notice. (Rec. Doc. No. 29 at 1, 2, 5-6); (Rec. Doc. No. 29-2 at 23, 48).

6

In support of this contention that employees in the area creates actual notice, Plaintiff cites the case *Blackman v. Brookshire Grocery Co.*, 966 So. 2d 1185, 1191 (La. App. 3d Cir. 2007). However in that case, actual notice occurred due to a customer informing a manager of the spill prior to the accident. *Id.* The court commented on the presence of five or six employees in the area only in relation to the store's ability to respond to the spill within the timeframe presented by the facts of that case. *Id.*[2] This does not support Plaintiff's contention of actual notice.

As Plaintiff can show no genuine issue of disputed, material fact regarding actual notice, he must show an issue of fact as to constructive notice to survive summary judgment.

**II. Constructive Notice**

"'Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." LA. REV. STAT. ANN. § 9:2800.6. No specific time period marks the minimum amount required to satisfy this element, and thus remains a question of fact. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997). In addition, "the presence of

---

[2] Plaintiff also references the case of *Brown v. Brookshire's Grocery Co.*, 868 So. 2d 297, 303 (La. App. 2d Cir. 2004), to support his claim of actual notice. He references this case though for the proposition that a heightened standard of care results from an employee witnessing a spill and standing guard over it. That is not the case at bar.

7

an employee in the vicinity in which the condition exists does not, alone, constitute constructive notice." LA. REV. STAT. ANN. § 9:2800.6. Moreover, "mere speculation or suggestion" does not give the court cause to infer constructive notice and thus deny summary judgment "where plaintiff's allegations are 'no more likely than any other potential scenario.'" *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quotations omitted).

The slip occurred twenty-five seconds after the spill. (Defs.' Video); (Rec. Doc. No. 26-2 at 1). Again, Defendants' evidence shows that three employees stood within 20-30 feet of the spill, one of whom was engaged in another task, and the other two turned away from or with obstructed views of the spill. (Defs.' Video); (Rec. Doc. No. 29-2 at 23, 48). The video does not evidence any employee with an advantageous position to notice the spill, nor does it show anyone attempting to get an employee's attention within the twenty-five second time period between the spill and Plaintiff's slip. (Defs.' Video); (Rec. Doc. No. 26-2 at 3). Given these facts, Plaintiff's claim that the store should have noticed the spill during that twenty-five second period constitutes mere speculation not sufficient to overcome summary judgment.

In support of his assertion, Plaintiff references four cases, none of which aid his position due to distinguishable fact

8

patterns. (Rec. Doc. No. 29 at 4-5). Most notably, Plaintiff presents a case dealing with a comparable time period as the time period here between spill and accident. *Carter v. Zurich Am. Ins. Co.*, No. CIV.A. 11-125-JJB, 2012 WL 702270 (M.D. La. Mar. 1, 2012) (denying summary judgment). However, distinguishing facts in that case overcome applicability to our present scenario. In *Carter*, the court noted that some temporal element had been established based on a twenty to twenty-five second window. However, a critical factual distinction for that court arose from the position of two employees standing and facing the spill location, without obstructions being noted, as well as being close to the spill location with the plaintiff's slip and fall occurring right in front of them. *Id.* at 1. The court noted the importance of the immediate proximity of the employees to the fall when it held that this case differed from other cases where the employees "were further away and/or engaged in some task." *Id.* at 1, n. 1. Our facts fall into the latter category, where the employees both stood at a distance from the spill location and were engaged in other tasks or had obstructed views.

Here, video evidence clearly shows the entirety of sued-upon incidents. Undisputed material facts establish that Target, via its employees, had no actual nor constructive notice, as evidenced by a clear record of the spill and slip events.

9

## **CONCLUSION**

Based on the video evidence and lack of material testimonial evidence to the contrary, Plaintiff can show no material, disputed fact.

Accordingly, and for the reasons articulated above, **IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana, this 3rd day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE